15-2084 (L)
*Protostorm, LLC v. Antonelli, Terry, Stout & Kraus LLP et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand sixteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RALPH K. WINTER,
> > *Circuit Judge*,
> SIDNEY H. STEIN,
> > *District Judge*.[*]

---

PROTOSTORM, LLC,

> *Plaintiff-Appellee-Cross-Appellant*,

Nos. 15-2084, 15-2128,
15-2154, 15-3410, 15-2199

PETER FAULISI,

> *Plaintiff*,

v.

---

[*] Judge Sidney H. Stein of the United States District Court for the Southern District of New York sitting by designation.

1

ANTONELLI, TERRY, STOUT & KRAUS, LLP,
CARL I. BRUNDIDGE, AND FREDERICK D. BAILEY,

> *Defendants-Third-Party-Plaintiffs-Appellants-Cross-Appellees*,

ALAN E. SCHIAVELLI,

> *Defendant-Third-Party Plaintiff-Appellee*,

DALE HOGUE,

> *Defendant-Third-Party Plaintiff*,

KATHY WORTHINGTON,

> *Third-Party Defendant-Cross-Claimant*,

JOHN J. GINLEY, III, DUVAL & STACHENFELD, LLP,

> *Third-Party Defendants-Cross-Defendants*.

---

For: Defendants-Appellants-Cross-Appellees
Antonelli, Terry, Stout & Kraus LLP and
Alan E. Schiavelli:

GREGORY M. WILLIAMS (Richard W. Smith, *on the brief*), Wiley Rein LLP, Washington, DC.

For: Defendant-Appellant-Cross-Appellee
Frederick D. Bailey

Frederick D. Bailey, Esq., *pro se*, Fairfax, VA.

For: Defendant-Appellant-Cross-Appellee
Carl I. Brundidge

JASON C. SPIRO (Jeffrey A. Shooman, *on the brief*), Spiro LLC, Short Hills, NJ.

For: Plaintiff-Appellee-Cross-Appellant
Protostorm, LLC

JONATHAN E. MOSKIN, Foley & Lardner, LLP, New York, NY; ROBERT S. GOODMAN, Mound Cottan Wollan & Greengrass LLP, New York, NY (Arthur M.

2

Handler, Arthur M. Handler Law Offices LLC, New York, NY, *on the brief*).

Appeal from the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART AND REVERSED IN PART**.

Defendants-Appellants-Cross-Appellees Antonelli, Terry, Stout & Kraus LLP ("ATS&K"), Frederick D. Bailey, and Carl I. Brundidge appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*) entered against them following a jury trial on a legal malpractice claim. In addition, ATS&K and Defendant-Appellant-Cross-Appellee Alan E. Schiavelli appeal from the district court judgment holding them in contempt. Plaintiff-Appellee-Cross-Appellant Protostorm, LLC cross-appeals from the district court's order declining to hold Brundidge and Bailey jointly and severally liable with ATS&K for the compensatory damages awarded by the jury. We assume the parties' familiarity with the factual and procedural background to this case, as well as the issues on appeal.

ATS&K argues[1] that the district court's judgment must be overturned because the invention for which Protostorm sought patent protection is not patentable under 35 U.S.C. § 101 ("Section 101"), particularly in light of the U.S. Supreme Court's decision in *Alice Corp. Pty. v. CLS Bank Int'l et al.*, 134 S. Ct. 2347 (2014). However, ATS&K did not raise the Section 101 issue in its motions for judgment as a matter of law made during trial pursuant to Fed. R. Civ. P.

---

[1] ATS&K's brief was submitted on behalf of ATS&K, Schiavelli, and Bailey.

50(a). Therefore, ATS&K has not preserved its Section 101 challenge to the patentability of

Protostorm's invention. *See Lore v. City of Syracuse*, 670 F.3d 127, 152 (2d Cir. 2012). In

particular, because resolution of the *Alice* issue in this particular case would require "additional

fact-finding," *Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir. 2000) (quoting *Readco, Inc. v.

Marine Midland Bank*, 81 F.3d 295, 302 (2d Cir. 1996)), ATS&K's argument about patentability

under Section 101 is not a "purely legal argument." *Pittman by Pittman v. Grayson*, 149 F.3d

111, 120 (2d Cir. 1998). Similarly, we uphold the district court's ruling that ATS&K failed to

preserve its challenge to the patentability of Protostorm's invention under 35 U.S.C. § 103

(obviousness).

ATS&K further argues that Protostorm's malpractice claim fails as a matter of law

because Protostorm did not adequately prove damages. However, to the extent that ATS&K has

not waived its challenge to the damages award, Protostorm's damages analysis was sufficient to

support the jury's verdict. Consequently, we decline to overturn the jury's damages award.

In addition, ATS&K and Schiavelli appeal the district court's order holding them in

contempt for violating the terms of a December 24, 2014 court order barring ATS&K from

making payments except (as relevant here) payments for "operating expenses incurred in the

ordinary course of business." *Protostorm, LLC v. Antonelli, Terry, Stout & Kraus, LLP*, No. 08-

CV-931, 2015 WL 5999368, at *1 (E.D.N.Y. Oct. 14, 2015). "We review a district court's

factual findings for clear error, but a finding of contempt under an abuse of discretion standard.

However, our review of a contempt order is more exacting than under the ordinary abuse-of-

discretion standard because a district court's contempt power is narrowly circumscribed." *Perez

v. Danbury Hosp.*, 347 F.3d 419, 423 (2d Cir. 2003) (citation omitted). Here, the district court

4

did not abuse its discretion in finding that payments made by ATS&K after the firm had ceased practicing law were not made in the "ordinary course of business." Therefore, we uphold the district court's contempt order against ATS&K. However, we vacate the district court's order as against Schiavelli, who was no longer managing partner of ATS&K at the time the relevant payments were made. The district court had stayed execution of the contempt award pending resolution of the instant appeal, *Protostorm*, 2015 WL 5999368 at *2, and we now decline to effect execution of this award.

Brundidge, in his appeal,[2] argues that Protostorm's suit against him was time-barred as a matter of law. However, to the extent that Brundidge has not waived this claim, the jury's verdict on the statute of limitations was legally proper and was supported by sufficient evidence. *See Protostorm, LLC v. Antonelli, Terry, Stout & Krauss, LLP*, No. 08-CV-931, 2015 WL 3605143, at *21-*24 (E.D.N.Y. June 5, 2015); Protostorm Br. at 79-87. Brundidge also challenges the district court's partial grant of summary judgment against the defendants on the issue of breach. However, Brundidge's argument is largely better conceived as a challenge to the jury charge, to which Brundidge did not, in relevant part, object. A challenge to a jury charge to which a party does not object at trial is reviewed according to the plain error standard, and Brundidge has made no showing that any "error affects substantial rights." *Rasanen v. Doe*, 723 F.3d 325, 332 (2d Cir. 2013) (quoting Fed. R. Civ. P. 51(d)(2)). To the extent that Brundidge has not waived any of his challenge to the district court's partial grant of summary judgment, and assuming *arguendo* that such a challenge is reviewable, the district court properly concluded that summary judgment on the issue of breach was warranted against the defendants, including Brundidge. Additionally, we uphold the jury's award of punitive damages against Brundidge, because, as the district court

[2] ATS&K, Schiavelli, and Bailey join in Brundidge's brief.

5

explained, the jury could reasonably have arrived at this result on the basis of the evidence before it. *See Protostorm*, 2015 WL 3605143, at \*24-\*26.

As for Protostorm's cross-appeal, Protostorm argues that the district court erred by not holding ATS&K attorneys Brundidge and Bailey jointly and severally liable with ATS&K for the compensatory damages that the jury awarded on Protostorm's malpractice claim. However, we find that Protostorm waived this issue through statements made by Protostorm's counsel at trial. *See* Trial Tr. 2838-39, 3024. Consequently, we decline to find in Protostorm's favor on its cross-appeal.

We have considered all of the parties' remaining arguments and find in them no basis for altering our decision. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED in part and REVERSED in part**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK